1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,

Case No. 2:21-cr-00057-MCS-1

11

Plaintiff,

12

**ORDER RE: PRETRIAL
DETENTION**

13

v.

14

HOVIK DAGESIAN,

15

Defendant.

16
17

18    At the hearing on the motion to declare Defendant Hovik Dagesian mentally
19 incompetent to stand trial, the Court reopened the question of pretrial release and invited
20 briefing on whether the record showed that no condition or combination of conditions
21 would reasonably assure Defendant's appearance as required. The parties submitted
22 briefs. (Gov't's Position, ECF No. 92; Def.'s Opp'n, ECF No. 93; Def.'s Suppl. Br.,
23 ECF No. 95; Gov't's Suppl. Position, ECF No. 99.) The Court heard oral argument on
24 January 23 and February 13, 2023. This Order memorializes the oral ruling made at the
25 February 13 hearing.

26 **I.    BACKGROUND**

27    A grand jury indicted Defendant for engaging in the business of dealing in
28 firearms without a license, unlawful possession of firearms, possession with intent to

distribute methamphetamine, and possession of firearms in furtherance of a drug trafficking crime. (Indictment, ECF No. 15.) Defendant was arraigned in February 2021 and released on bond. (*See* 2/26/21 Mins., ECF No. 18; Affidavit of Surety, ECF No. 30.) The bond was modified in November 2021 and February 2022. (Order for Modification of Conditions of Release, ECF No. 53; Modified Bond & Conditions of Release, ECF No. 63.)

Defendant moved to be declared mentally incompetent to stand trial in June 2022. (Mot., ECF No. 65.) Among other issues, the evidence submitted in connection with the motion disclosed information about Defendant's deteriorating mental health. (*E.g.*, Sobel Rep., ECF No. 65-1.) After an evidentiary hearing in December 2022, (12/19/22 Mins., ECF No. 84), the Court denied the motion in January 2023, (1/23/23 Mins., ECF No. 90). In relevant part, the Court determined that the preponderance of the evidence showed that Defendant was malingering, having exaggerated signs and symptoms of mental illness with examiners and counsel, and that this malingering indicated an intention to avoid criminal consequences for his actions and a capacity to understand the significance and nature of the criminal proceedings.

## II.    LEGAL STANDARD

The Court has authority to review a magistrate judge's pretrial release or detention order sua sponte. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). District courts review a magistrate judge's order of release or detention de novo. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). The district court need not proceed as if the magistrate judge's findings and decision do not exist, but it must review the evidence presented to the magistrate judge and, without deference, make an independent determination of whether the findings are correct. *Id.* at 1193. "The district court may also consider new evidence presented by the parties." *United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 781 (W.D. Wash. 2019) (citing *Koenig*, 912 F.2d at 1192–93).

///

Under the Bail Reform Act of 1984, "[o]nly in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Gebro*, 948 F.2d at 1121. A defendant may be detained pending trial only where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where the government shows by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community. *Gebro*, 948 F.2d at 1121.

But where there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed or an offense under 18 U.S.C. § 924(c), there arises a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). If a defendant proffers "some evidence" to rebut the presumption, *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), "the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g)," *Hir*, 517 F.3d at 1086 (internal quotation marks omitted).

If the defendant proffers evidence to rebut the presumption, courts consider: (1) the nature and seriousness of the charged offense, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *see Hir*, 517 F.3d at 1086.

///

III.  **DISCUSSION**

The Government contends that no condition or set of conditions of release can reasonably assure Defendant's appearance. (*See* Gov't's Br. 2–3.) The Court agrees.

The presumption of detention applies here given the charged conduct. (Indictment.) *See United States v. Ward*, 63 F. Supp. 2d 1203, 1209 (C.D. Cal. 1999) (collecting cases for the proposition that "a grand jury indictment itself is sufficient to establish probable cause for purposes of invoking the Section 3142(e) presumption"). Defendant has not offered any competent evidence in connection with the briefing on this issue. Nevertheless, the Court accepts counsel's proffer that "Defendant remains at home every day," "has attended all his court appearances when ordered," and "has complied with all conditions of his release without any violations." (Def.'s Br. 2.) On this basis, the Court determines that Defendant has rebutted the presumption of detention and, accordingly, weighs the presumption against the § 3142(g) factors.

The nature and seriousness of the charged offenses indicate a risk of flight. Defendant is alleged to have engaged in the business of unlicensed dealing in firearms and to have possessed ghost guns and firearms not identified by serial number. He also is accused of possessing methamphetamine with intent to distribute. (*See generally* Indictment.) If convicted, Defendant faces the possibility of significant prison time. *E.g.*, 18 U.S.C. § 924(c)(1)(A) (mandating sentence of at least five years upon conviction of possession of a firearm in furtherance of a drug trafficking crime). The grave consequences that may result from conviction provide strong incentives to consider flight. *See, e.g.*, *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) (observing that "graver penalties" provide "an even greater incentive to consider flight").

Defendant's history and characteristics also demonstrate flight risk. Several considerations weigh in favor of continued release, such as Defendant's compliance to date with the conditions of bond and appearance at pretrial hearings. However, those considerations are outweighed by the evidence presented in connection with the

competency motion, which supported the Court's conclusion that Defendant was malingering. Defendant's malingering gives rise to an inference that Defendant will attempt to avoid criminal prosecution by any means necessary, including by feigning a severe mental illness. Because his attempt to avoid the prosecution by feigning incompetence was unsuccessful, the Court believes Defendant is likely to employ other desperate, drastic means to avoid prosecution. This sharply weighs in favor of pretrial detention. *Cf. United States v. Walton*, No. 13-20512, 2013 U.S. Dist. LEXIS 145225, at *11, 14–15 (E.D. Mich. Oct. 8, 2013) (concluding defendant was feigning incompetency and, on that basis, finding defendant's history and characteristics weighed in favor of detention).[1]

The weight of the evidence does not tip the balance for or against pretrial detention. The weight of the evidence is the least important factor in this inquiry and is only relevant "in terms of the likelihood that the person will fail to appear." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Neither party provides any argument or evidence toward this factor.

Finally, Defendant's continued release poses no apparent danger to any person or the community. Regardless, this factor usually plays little role in an analysis of the risk of nonappearance. *See, e.g.*, *United States v. Castaneda*, No. 18-cr-00047-BLF-1, 2018 U.S. Dist. LEXIS 25266, at *28–29 (N.D. Cal. Feb. 14, 2018) (declining to consider this factor in evaluation of risk of nonappearance); *United States v. Ruvalcaba*, No. 21CR3194, 2021 U.S. Dist. LEXIS 224081, at *5–6 (S.D. Cal. Nov. 19, 2021) (ordering pretrial detention based on risk of nonappearance in the absence of any evidence of danger to the community).

Balancing the presumption of pretrial detention and the § 3142(g) factors, the Court determines that there is an "unacceptably high risk" that the existing conditions

---

[1] Given the arguments presented by the parties in their supplemental briefs and at the February 13 hearing, the Court declines to find that Defendant's risk of self-harm or suicide plays any material factor in Defendant's risk of nonappearance.

of release, let alone any other combination of conditions, are insufficient to secure Defendant's appearance. *Hir*, 517 F.3d at 1093. The Court finds that the Government has shown by a preponderance of the evidence that Defendant poses a flight risk such that no condition or set of conditions of release can reasonably assure Defendant's appearance.

## IV.  CONCLUSION

The Court vacates the orders setting conditions of release. The Court finds that no condition or set of conditions of release can reasonably assure Defendant's appearance as required. The Court orders Defendant detained pending trial. Defendant is remanded to the custody of the United States Marshal Service. The bond is revoked.

**IT IS SO ORDERED.**

Dated: February 15, 2023

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

cc:  **PSA, USMO, Fiscal**